Compiler

**IN THE SUPERIOR COURT OF GUAM**

FILED
SUPERIOR COURT
20 ... -7 ... 25

CL...

DAVID J. LUJAN,        )
                                    )
         Petitioner,          )
                                    )
     vs.                            )
                                    )
MELISSA B. SAVARES in her official    )
capacity as MAYOR OF DEDEDO,     )
                                    )
         Respondent.        )
                                    )

**SPECIAL PROCEEDINGS
CASE NO. SP0153-12**

**DECISION AND ORDER**

## INTRODUCTION

This matter came before the Honorable James L. Canto II on the Respondent's opposition to the claim of attorney's fees, filed October 15, 2012. Oral arguments were heard on October 29, 2012. Peter C. Perez, Esq. appeared on behalf of the Petitioner and Assistant Attorney General Monty R. May, Esq. represented the Respondent. Having considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order.

## BACKGROUND

On July 24 and August 3, 2012, Petitioner served Respondent with requests to produce five years of mayoral records and other documents pursuant to the Sunshine Reform Act at 5 GCA Chapter 10. (Verified Petition, Exhibits "A" and "B", Sep. 7, 2012.) Petitioner also specifically requested production of: 1) a map or survey of the Dededo Flea Market; 2) any response to a March 24, 2012 allegation of mismanaged funds; and 3) a list of all bank accounts controlled by Respondent's office. *Id.* The parties agreed upon an extended schedule to produce the documents because Respondent did not have the staff resources to produce the entire request in a timely manner. (Verified Petition, Exhibit "C", Sep. 7, 2012.) When the documents were not forthcoming, Petitioner filed an alternative writ of mandamus on September 7, 2012 in order to compel production.

On September 26, 2012, Respondent produced the documents and complied with Petitioner's requests. (Declaration of David J. Lujan, Oct. 12, 2012.) On this basis, Petitioner waives his prayer for fines and asks for attorney's fees and costs pursuant to 5 GCA § 10112(d). *Id.* Respondent opposes attorney's fees on the basis that Petitioner is an attorney who should not be entitled to fees under the Sunshine Reform Act. Respondent does not oppose the prayer for costs.

## DISCUSSION

Under Guam law, "[t]he Court shall award court costs and reasonable attorney fees to the plaintiff should the plaintiff prevail after initial filing of the complaint pursuant to [the Sunshine Act]." 5 GCA § 10112(d). The Sunshine Reform Act of 1999 shares the language, purpose and subject matter of the federal Freedom of Information Act ("FOIA") and cases that interpret the FOIA may aid in the interpretation of the Sunshine Act. *Macris v. Guam Memorial Hospital Authority*, 2008 Guam 6 ¶¶ 25, 33. The award of attorney fees under the FOIA is intended to relieve the burden of legal costs, and for this reason some federal courts do not award fees to attorney-plaintiffs who represent themselves *pro se.*[1]

However, "most FOIA attorney's fee cases clearly emphasize that such awards are discretionary," and, "[d]eciding whether a trial court abused its discretion in granting or denying attorney's fees under FOIA depends upon determining whether and how the trial court conducted the [following] four-factor analysis." *Guam Radio Services, Inc. v. Guam Economic Development Authority*, 2000 Guam 23 ¶¶ 9-10. Reasonable attorney fees may be awarded upon consideration of: 1) the benefit to the public from the release of the documents; 2) the commercial benefit to the complainant; 3) the nature of the complainant's interest in the records sought; and 4) whether the government's withholding of the records had a reasonable basis in law. *Id.* at ¶¶ 3, 9-11. Factors two and three are often considered together and lead the court to

---

[1] *See e.g. Falcone v. I.R.S.*, 714 F.2d 646, 647 (6th Cir. 1983); *Burka v. U.S. Dept. of Health and Human Services*, 142 F.3d 1286, 1288-1290 (D.C. Cir. 1998); *Aronson v. U.S. Dept. of Housing and Urban Development*, 866 F.2d 1, 4-6 (1st Cir. 1989); *Pietrangelo v. U.S. Army*, 568 F.3d 341, 343-344 (2nd Cir. 2009); *Ray v. U.S. Dept. of Justice*, 87 F.3d 1250, 1251-1252 (11th Cir. 1996).

examine whether the claimant seeks to protect a private or purely commercial interest as opposed to a scholarly, journalistic or public interest. *Id.* at ¶ 12 n.3.

In this case, the release of a mayor's record of official activities shall benefit the public and favors an award of attorney fees. The precise nature of Petitioner's interest in the records and whether Petitioner receives a commercial benefit from disclosure of the records is unclear, but it appears that mayoral records and the allegation of mismanaged public funds generally concern journalistic and public interests instead of commercial and private interests. The public nature of Petitioner's interest favors an award of attorney fees. Finally, the Government has no reasonable basis in law to withhold any records of mayoral activities undertaken pursuant to 5 GCA Chapter 40 and an award of attorney fees is favorable. For all of these reasons, an award of reasonable attorney fees is appropriate pursuant to 5 GCA § 10112(d).

The Court shall hold an evidentiary hearing in order to determine a reasonable amount of attorney fees in this case where Petitioner is represented by attorney colleagues from his own law firm. It may be important to consider whether Petitioner's colleagues are able to represent him with "the detached and objective perspective necessary to fulfill the aims of the [FOIA]." *Kay v. Ehrler*, 499 U.S. 432, 434 n.4, 111 S.Ct. 1435, 1436, 113 L.Ed.2d 486 (1991) (*quoting Falcone*, 714 F.2d at 647). *See also Burka*, 142 F.3d at 1291-1292 (attorney fees denied for law firm work performed under litigant's direction and control).[2]

///

///

///

_____

[2] "A rule that authorizes awards of counsel fees to *pro se* litigants—even if limited to those who are members of the bar—would create a disincentive to employ counsel whenever such a plaintiff considered himself competent to litigate on his own behalf. The statutory policy of furthering the successful prosecution of meritorious claims is better served by a rule that creates an incentive to retain counsel in every such case." *Kay*, 499 U.S. at 438.

## CONCLUSION

Based upon the foregoing, Respondent's opposition to attorney's fees is hereby DENIED and an evidentiary hearing to determine a reasonable amount of attorney's fees and costs shall be heard on ___April 05, 2013___ at ___2pm___.

**SO ORDERED** this ___7TH___ day of March, 2013.

_____

**HON. JAMES L. CANTO II**
**Judge, Superior Court of Guam**

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam. Dated at Hagåtña, Guam

MAR 0 7 2013

James R. Borja
Deputy Clerk, Superior Court of Guam